```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

SHERWIN-WILLIAMS COMPANY       *
                               *
          v.                   *    Civil Action WMN-07-CV-2918
                               *
COACH WORKS AUTO COLLISION     *
REPAIR CENTER, INC. d/b/a      *
VINCE'S BODY SHOP              *

          *    *    *    *    *    *    *    *    *    *    *    *
```

**MEMORANDUM**

Before the Court is Plaintiff Sherwin-Williams Company's[1] (Sherwin Williams) Motion for Leave to Amend Its Complaint. Paper No. 67.  The Motion is fully briefed.  Upon review of the pleadings and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and the Motion will be granted as set forth below.

**I.   BACKGROUND**

Plaintiff brings this breach of contract action arising out of a supply agreement entered into between Plaintiff Sherwin Williams and Defendant Coach Works Auto Collision Repair Center, Inc. (Coach Works) d/b/a Vince's Body Shop on December 7, 2006. The contract required Coach Works d/b/a Vince's Auto Body to purchase from Sherwin-Williams all of its requirements for

---

[1] The original Plaintiff in this action is Sherwin-Williams Automotive Finishes Corporation.  Sherwin-Williams Automotive Finishes Corporation merged into Sherwin-Williams Company on December 31, 2009 and Sherwin-Williams Company is the surviving corporate entity.  Therefore, it is replacing Sherwin-Williams Automotive Finishes Corporation as the proper Plaintiff in this action.

automotive finishing products for a period of five years. Supply Agreement ¶¶ 1, 2. In exchange, Sherwin-Williams agreed to provide a $45,000 advance to Coach Works d/b/a Vince's Auto Body and a discount on various automotive finishing products. Id. ¶ 5.

Defendant Green acted on behalf of Defendant Coach Works in entering into the Supply Agreement in December 2006. Green signed the Supply Agreement as the owner/president of Coach Works d/b/a Vince's Auto Body, but, in fact, he did not own Coach Works, he owned M & M Collision Experts, Inc. (M & M Collision). M & M Collision purchased the assets of Coach Works on January 22, 2007, although it is alleged by Plaintiff that either Green or M & M Collision had been making gradual payments for the assets starting in June 2004.

In conjunction with the Supply Agreement, Defendant Green also signed a guaranty "absolutely, irrevocably and unconditionally guarantee[ing] the prompt and complete payment and performance by [Coach Works d/b/a Vince's Auto Body] of all of [its] obligations to Sherwin-Williams under the Supply agreement." Guaranty ¶ A.

Regardless of the exact ownership of "Vince's Auto Body," the business purchased paint and related supplies according to the Supply Agreement from December 2006 through April 2007. In April 2007, however, Green, acting on behalf of M & M Collision

d/b/a Vince's Body Shop entered into a similar supply agreement with FinishMaster, Inc., began purchasing its paint supplies from FinishMaster, and stopped purchasing supplies from Sherwin-Williams.

Plaintiff filed a motion for partial summary judgment arguing that Defendants breached the Supply Agreement in April 2007 and, as a result, the breaching party owes Sherwin-Williams a refund of the $45,000 advance as well as consequential damages for lost profits on the remaining five years of sales that were never consummated.  In its opposition, Defendants Coach Works and Green argued that the agreement terminated on January 22, 2007 when Coach Works sold its assets, including Vince's Body Shop, to M & M Collision because Coach Works no longer had any paint requirements after that date.

Plaintiff alleges that at the time it filed suit, it did not know that Coach Works was no longer the owner of Vince's Body Shop; that Mr. Green was not the President and Owner of Coach Works, that Coach Works was a defunct corporate entity; that M & M Collision had taken over Coach Works' assets, including Vince's Body Shop, in January 2007; or that M & M Collision had operated the shop since 2004, including at the time that Sherwin-Williams negotiated the Supply Agreement in December 2006.  Plaintiff also alleges that although it learned of the existence of M & M Collision during the deposition of

3

Defendant Green on February 5, 2008, Plaintiff understood that Defendants did not disclaim the continuity of the Supply Agreement after January 2007, but, rather, claimed as their only defense that the products were defective.  Plaintiff contends that it learned that Defendants were disclaiming the continuity of the Supply Agreement due to the transfer of assets only after receiving Defendants' opposition to its motion for partial summary judgment.  Thus, until Defendants raised that defense, Plaintiff did not understand that there was a need to amend its Complaint in order to add M & M Collision as a defendant. Plaintiff has now filed for leave to amend its Complaint to add M & M Collision as a Defendant with claims against it for fraud, breach of contract, and unjust enrichment and to add a fraud claim against Defendant Green.

Rule 15(a) of the Federal Rules of Civil Procedure allows for the amendment of pleadings by leave of court.[2]  Courts are instructed to freely give leave when justice so requires.  Fed. R. Civ. P. 15(a)(2).  "Leave to amend is not to be granted

---

[2] Defendants argue that the "good cause" standard of Rule 16(b), which applies to changes to scheduling order deadlines, is the appropriate standard here for determining if Plaintiff may amend its Complaint rather than the Rule 15(a)(2) "when justice so requires" standard.  Defendants contend that Plaintiff filed its motion for leave to amend after the Court's scheduling order deadline for the amendment of pleadings.  Defendants are incorrect, however, in that the most recent amended Scheduling Order was suspended pending the resolution of the motion for partial summary judgment.  Thus, there is no pleadings amendment deadline with which Plaintiff was required to comply.

automatically," however.  Deasy v. Hill, 833 F.2d 38, 40 (4th Cir. 1987).  "A motion to amend under Rule 15(a) may be denied where the motion has been unduly delayed and where allowing the amendment would unduly prejudice the non-movant." Id.  "Delay alone, [however], without prejudice, does not support the denial of a motion for leave to amend." Id.  "A motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008).

   While Defendants argue that there has been undue delay, Defendants have not argued that they would be prejudiced by the amendments.  As the amendments create no need for additional discovery and the trial date has yet to be set, the Court can see no reason based on prejudice as to why leave to amend should not be granted.  Rather, not adding M & M Collision as a defendant when Defendants have raised Mr. Green's ownership of M & M Collision and its purchase of Coach Works' assets as a defense would potentially create an injustice for Plaintiff.

   While Defendants do not argue prejudice, they argue that certain of the proposed amended claims would be futile and, therefore, that leave should be denied.  Futility arguments are governed by the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim. Openshaw v. Cohen, Klingenstein & Marks, Inc., 320 F. Supp. 2d 357, 359 (D. Md.

5

2004) (citing Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995)).  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, . . . , to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering such a motion, the court is required to accept as true all well-pled allegations in the Complaint, and to construe the facts and reasonable inferences from those facts in the light most favorable to the plaintiff.  Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997) (citing Little v. Federal Bureau of Investigation, 1 F.3d 255, 256 (4th Cir. 1993)).

   Defendants argue that Plaintiff's allegations for the fraud claim are insufficient to state a claim against either Defendant Green or M & M Collision because Green had no duty to advise Plaintiff "accurately and fully of the ownership status of Vince's Auto Body" and, therefore, the misrepresentation was not material.  Opp'n at 12-13.  To sufficiently state a fraud claim under Maryland law, Plaintiff must allege the following elements: 1) that a representation made by a party was false; 2) that the defendant knew the representation was false or made the misrepresentation with such reckless indifference to truth as to impute knowledge and an intent to defraud; 3) that the misrepresentation was made for the purpose of deceiving the

6

plaintiff; 4) that the plaintiff reasonably relied upon the misrepresentation; and 5) that the plaintiff suffered damage directly resulting from the misrepresentation. <u>Suburban Properties Mgt., Inc. v. Johnson</u>, 204 A.2d 326, 329 (Md. 1964).

Here, Plaintiff has alleged sufficient facts as to its fraud claim as to both Defendant Green and M & M Collision such that the claim would not be futile. Plaintiff alleges that Mr. Green, both in his personal capacity and as the representative of M & M Collision, falsely represented that he was the President/Owner of Coach Works, that he knew that he was not the President/Owner of Coach Works, that he made the representation with the intent of inducing the Plaintiff to enter into the contract, that as the evident operator of Vince's Body Shop Plaintiff had reason to believe Plaintiff's representations, that Plaintiff complied with the contract by providing an advance and training while the Plaintiff later used the fact of the change of ownership to disavow the contract thus causing injury to Plaintiff. As the Court must accept the allegations in the Complaint as true and construe the facts and reasonable inferences from those facts in the light most favorable to the plaintiff, Plaintiff sufficiently states a claim for fraud as to both Defendant Green and M & M Collision such that the claim is not futile.

Defendants' other argument that the amendments are futile is that M & M Collision is not a party to the contract and cannot, therefore, be liable for any potential breach to that contract. Plaintiff has alleged two alternate theories to support its cause of action against M & M Collision for breach of contract: 1) M & M Collision is liable for breach of contract by virtue of novation; and 2) M & M is the corporate successor to Defendant Coach Works, and is, therefore, liable for any judgment entered against Defendant Coach Works.

A claim for novation must allege four elements: 1) "a previous valid obligation; 2) the agreement of all the parties to the new contract; 3) the validity of such new contract, and 4) the extinguishment of the old contract, by the new one." Dahl v. Brunswick Corp., 356 A.2d 221, 227 (Md. 1976) (internal citations omitted). Here, Plaintiff has alleged that the Supply Agreement originally existed with Coach Works and that through its actions, M & M Collision took over the contract, which then continued after M & M Collision took it over, at which time Coach Works was no longer responsible under the contract. Thus, Plaintiff has alleged facts, which when construed in the light most favorable to Plaintiff, are sufficient to state a claim for M & M Collision's liability for the contract under a theory of novation.

8

Defendants argue that novation is not possible here because the Supply Agreement required any amendments or modifications to be in writing and Plaintiff has not alleged any such writings. Moreover, Defendants argue that, because the period of the Supply Agreement exceeded one year, a writing must exist to comply with the Statute of Frauds. Defendants' arguments fail, however, because "[n]otwithstanding a written agreement that any change to a contract must be in writing, the parties by subsequent oral agreement and by their conduct may waive the requirements of a written contract." Hoffman v. Glock, 315 A.2d 551, 554 (Md. Ct. Spec. App. 1974). As to the Statute of Frauds, it applies only to executory contracts and not to contracts already performed by the parties as is alleged here. Leisner v. Finnerty, 250 A.2d 641, 645 (Md. 1969). Furthermore, the Statute of Frauds does not apply when a party received and accepted goods, as M & M Collision is alleged to have done, or where a party has admitted that the contract existed, as Defendant Green did in his deposition. Md. Code Ann., Com. Law §§ 2-201(3)(b) and (c).

Because Plaintiff is able to state a viable breach of contract claim against M & M Collision based upon a theory of novation, the claim is not futile and the Court need not address at this time whether or not it could also prevail under a theory of successor liability.

9

**IV.  Conclusion**

For the foregoing reasons, Plaintiff's Motion for Leave to Amend Its Complaint will be granted.[3]  A separate order will issue.

```
                          _____/s/_____
                          William M. Nickerson
                          Senior United States District Judge
```

March 4, 2010

---

[3] Because the Court is granting Plaintiff's Motion to Amend the Complaint, the Court will deny without prejudice Plaintiff's Motion for Partial Summary Judgment with the understanding that Plaintiff will likely file a new motion incorporating the new Defendant and claims.