IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THE SHERWIN-WILLIAMS COMPANY  &ast;
  &ast;
     v.  &ast;  Civil Action WMN-07-2918
  &ast;
COACH WORKS AUTO COLLISION  &ast;
REPAIR CENTER INC., et al.  &ast;

 &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

## MEMORANDUM AND ORDER

This case, at its heart, stems from the alleged breach of an automotive paint and finishing supply contract.  Defendant Michael Green, operator of Vince's Body Shop and President of M&M Collision Experts, Inc. (M&M), entered into a five-year requirements contract with Plaintiff The Sherwin-Williams Company (Sherwin-Williams).  Shortly after the commencement of the contract, Vince's Body Shop ceased purchasing paint from Sherwin-Williams and, through its parent M&M, entered into a new paint supply agreement with one of Sherwin-Williams' competitors, FinishMaster Automotive and Industrial Paint.

After sorting out the different business entities involved, Sherwin-Williams filed an amended complaint against Michael Green, Coach Works Auto Collision (the entity operating Vince's Body Shop at the commencement of the supply agreement), and M&M (the entity operating Vince's Body Shop at the time of the alleged breach).  See ECF No. 72.  The complaint alleged liability for breach of contract, fraud and unjust enrichment.

The parties completed discovery and filed dispositive motions.  After the Court's February 22, 2011, decision on the dispositive motions, the only counts that remained for trial were claims for unjust enrichment and fraud against M&M and Michael Green, and a claim for breach of contract against M&M alone.  <u>See</u> ECF No. 103 at 29.  Sherwin-Williams later abandoned its claim for unjust enrichment against Michael Green.  The Court scheduled the case for a jury trial to begin on January 9, 2012.  ECF No. 108.

Subsequently, on November 17, 2011, this Court granted a Motion to Withdraw Appearance filed by then-counsel for Defendants.  ECF No. 116.  Mr. Green was able to continue participating in the case as a pro se defendant, but M&M, as a business entity, could not appear without counsel.  <u>See</u> Local Rule 101.2.  With the trial date less than two months away, Mr. Green was unable to find counsel willing to take on the representation of M&M.  ECF No. 117.

On the date of trial, January 9, 2012, M&M was still without counsel.  As it was unable to appear for trial, this Court found that it was in default, and the sole count remaining to be tried was the fraud claim pending against Mr. Green.  Tr. at 2:16-17, 4:14-15.  Sherwin-Williams and Mr. Green waived their demand for a jury trial and the Court heard evidence from both parties.  Tr. at 2:15-16.  At the end of the evidence, the

Court issued an oral opinion finding in favor of Mr. Green.  Tr. at 61:22-24.

The next day the clerk entered an order of default against M&M.  ECF No. 130.  Accordingly, on January 12, 2012, Sherwin-Williams requested a date be set for a hearing on the damages to be assessed against M&M on the claims pending against it.  The next day Mr. Pritzker entered an appearance on behalf of M&M, and subsequently filed a Motion to Vacate Clerk's Entry of Default, ECF No. 134.  The Court scheduled a date for the hearing on damages, but continued it at the request of M&M, pending resolution of its motion.  Sherwin-Williams then filed a Motion for Amended or Additional Findings and/or For a New Trial and/or to Alter or Amend Judgment, ECF No. 137.  Both motions have been fully briefed and are ripe for decision.  Upon consideration of the pleadings and applicable case law, the Court determines that the Motion to Vacate will be granted and the Motion for Amended or Additional Findings et al. will be denied.

**A. Motion to Vacate Default**

M&M has filed a motion pursuant to Federal Rule of Civil Procedure 55(c), requesting that the Court set aside the Clerk's entry of default.  It argues that there is good cause to do so because it now has counsel and is able to appear in the case. It also relies largely on the Fourth Circuit's strong policy

preference for deciding cases on their merits instead of imposing judgment by default.

Sherwin-Williams opposes the motion and states that it will be prejudiced by the removal of the default because it "was fully prepared to try all issues on January 9, 2012, [the trial date], including damages, in front of a jury." Opp. at 4. It argues that M&M had an opportunity to defend the claims against it on the trial date and now that opportunity has passed; Mr. Pritzker should have entered an appearance prior to the trial date, not after.

Rule 55(c) gives the Court discretion to set aside an entry of default for "good cause." Courts must consider several factors to determine whether Rule 55(c) good cause exists, including, <u>inter alia</u>: whether the defendant moving to set aside default acted with reasonable promptness; whether the plaintiff will be substantially prejudiced if the default is set aside; and whether the defendant has a meritorious defense. <u>Mezu v. Morgan St. Univ.</u>, Civ. No. 09-WMN-2855, 2010 WL 1068063, *6 (D. Md. Mar. 18, 2010) (citing <u>Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.</u>, 383 F.2d 249, 251 (4th Cir. 1967); <u>United States v. Moradi</u>, 673 F.2d 725, 727-28 (4th Cir. 1982); and <u>Lolatchy v. Arthur Murray, Inc.</u>, 816 F.2d 951, 953 (4th Cir. 1987)). Moreover, courts should liberally construe Rule 55(c) "in order to provide relief from the onerous consequences of

defaults and default judgments." <u>Tolson v. Hodge</u>, 411 F.2d 123,
130 (4th Cir. 1969).  Finally, Courts should bear in mind the
strong federal policy disfavoring the entry of default judgment
when there is an opportunity to instead decide a case on its
merits.  <u>See</u> <u>United States v. Shaffer Equip. Co.</u>, 11 F.3d 450,
462 (4th Cir. 1993); <u>Moradi</u>, 673 F.2d at 727.

    In consideration of the above factors as well as the strong
policy preference for deciding cases on their merits, this Court
finds that there is good cause to vacate the default.  M&M has
participated in this case throughout the majority of its
pendency: it participated in discovery, engaged in settlement
discussions facilitated by Judge Gesner, and briefed a number of
issues, including summary judgment, which this Court refused to
grant in favor of Sherwin-Williams on the counts plead against
M&M.  <u>See</u> ECF No. 103 at 29.  After M&M's counsel withdrew his
appearance on November 17, 2011, it appears that M&M made a good
faith effort to find new counsel before the start of trial[1] and
was able to persuade Mr. Pritzker to rejoin the case days after
the trial date.  Shortly after Mr. Pritzker entered his
appearance, M&M filed the pending Motion to Vacate Default.  M&M
was only without representation for two months and, once it

---

[1] Mr. Green noted in a letter to the Court dated December 1,
2011, that he contacted five attorneys in an attempt to find new
counsel for M&M but no one would agree with a trial date so
near.  <u>See</u> ECF No. 117.

obtained new counsel, promptly requested that the default be
removed.

Additionally, this Court has previously acknowledged that
M&M has meritorious defenses to liability in this matter.  See
ECF No. 103 at 12, 29.  Sherwin-Williams contends that these
defenses, which involve M&M's allegations regarding the poor
quality of the Sherwin-Williams product, are not meritorious
because it will be able to successfully rebut them.  Though this
may be the case, the fact that evidence is necessary to rebut
them in the first place clearly demonstrates that such defenses
are meritorious because the fact-finder would not be able to
disregard them absent rebuttal evidence.  See Moradi, 673 F.2d
at 727-28 ("all that is necessary to establish the existence of
a 'meritorious defense' is a presentation or proffer of
evidence, which if believed, would permit either the Court or
the jury to find for the defaulting party").

 Finally, though Sherwin-Williams argues that it is unfair
that M&M will be allowed to present its defenses to liability
even though it failed to make an appearance on the originally
scheduled trial date, it would be far more inequitable and
contrary to the Fourth Circuit's stated preference for decisions
on the merits if this Court refused to remove the default.
After all, Sherwin-Williams will still have the opportunity to
achieve a full recovery if it prevails at trial.  The only

prejudice Sherwin-Williams will suffer from the removal of the default is some delay in being awarded any potential recovery, but, as this case has already been pending nearly five years, a delay of another few months will do little harm, particularly as Sherwin-Williams will likely be entitled to pre-judgment interest on any sum it might be awarded.  See Lincoln Elec. Co. v. St. Paul Fire & Marine Ins. Co., 210 F.3d 672, 692-693 (6th Cir. 2000) (noting that Ohio[2] statutory law requires that a trial court make an interest award to a prevailing plaintiff and that such "[i]nterest makes the plaintiff . . . whole for the lost use of their due and payable money during the time required to secure ultimate judgment").

For these reasons, the Court will grant M&M's motion and remove the default.[3]

**B. Motion for Amended or Additional Findings, et al.**

Sherwin-Williams has filed a Motion seeking alternative forms of relief from this Court's January 9, 2012, judgment in favor of Mr. Green on the fraud claim.  Sherwin-William requests that the Court reverse its ruling and enter judgment against Mr. Green, or, alternatively, grant a new trial on the fraud claim

---

[2] The Court notes that the Supply Agreement is governed by Ohio law.  See ECF No. 5-5 at ¶ 9.

[3] The Court has scheduled a telephone conference with the parties for 9:45 a.m. on Wednesday, June 20, 2012, for the purpose of setting a date on which to begin a jury trial on the claims pending against M&M.

to be tried at the same time as the claims against M&M.  Reply

at 1.  If the Court declines such relief, Sherwin-Williams

requests that the Court, pursuant to Federal Rule of Civil

Procedure 52, "issue specific findings of fact and conclusions

of the law upon which the Court based its ruling in favor of Mr.

Green at the conclusion of the January 9, 2012 proceedings."

Id. at 2.

**1. Amended Judgment**

The relief requested by Sherwin-Williams under Federal

Rules of Civil Procedure 52(b) and 59(e) is substantially

similar.  Rule 52(b) states that "on a party's motion filed no

later than 28 days after the entry of judgment, the court may

amend its findings —or make additional findings— and may amend

the judgment accordingly."  Rule 59(e) requires that "a motion

to alter or amend a judgment must be filed no later than 28 days

after the entry of judgment."

Although these rules do not themselves provide a standard,

the Fourth Circuit has recognized three grounds on which a court

may alter or amend an earlier judgment:

> (1) to accommodate an intervening change in
> controlling law; (2) to account for new evidence not
> available at trial; or (3) to correct clear error of
> law or prevent manifest injustice.

Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th

Cir. 1998); EEOC v. Lockheed Martin Corp., Aero & Naval Sys.,

116 F.3d 110, 112 (4th Cir. 1997); <u>Hutchinson v. Staton</u>, 994 F.2d 1076, 1081 (4th Cir. 1993). Furthermore, "[t]he Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." <u>Pac. Ins. Co.</u>, 148 F.3d at 403 (internal quotation omitted); <u>see also</u> <u>Gutierrez v. Ashcroft</u>, 289 F. Supp. 2d 555, 561 (D.N.J. 2003) (noting the same with respect to Rule 52(b)). The Fourth Circuit has also cautioned that "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." <u>Pac. Ins. Co.</u>, 148 F.3d at 403.

To support its motion, Sherwin-Williams lists the undisputed facts developed throughout the life of the case, including those presented through exhibits and testimony during the bench trial. <u>See</u> ECF No. 137 at ¶ 2. It then states the elements of fraud and argues that the undisputed facts on the record require the Court to reverse its January 9, 2012, judgment and rule that Mr. Green is liable for fraud. It does not present any new evidence that was unavailable at the time of trial or argue that there has been a change in the controlling law; it merely appears to argue that the Court must amend the judgment in order to correct a clear error of law and to prevent manifest injustice.

Despite Sherwin-Williams' contention that the facts on the record indisputably prove fraud, this Court has already ruled otherwise after hearing and evaluating this same evidence. Sherwin-Williams had to prove its case by clear and convincing evidence, and after reviewing the exhibits, hearing sworn testimony from the parties and evaluating the credibility of the evidence, this Court ruled that Sherwin-Williams had not met its burden.  Though Sherwin-Williams is certainly entitled to disagree with this Court's judgment, "a party's disagreement with the Court's decision is not a basis for granting a Rule 59(e) motion." Hutchinson, 994 F.2d at 1082.  As such, the January 9, 2012, judgment in favor of Mr. Green was not clearly erroneous and will remain unaltered.

## 2. New Trial

Federal Rule of Civil Procedure 59(a)(1)(B) provides that a Court may grant a new trial in an action tried without a jury "for any reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States." This Rule

> has been interpreted as allowing a new trial to be granted in a non-jury action only if a new trial might be obtained under similar circumstances in a jury action under subdivision(a)(1). United States v. 5.77 Acres of Land, 3 F.R.D. 298 (E.D.N.Y. 1944).  Those generally recognized grounds for a new trial include: that the verdict is against the weight of the evidence, that the damages are excessive, or that for numerous other reasons the trial was not fair. Montgomery Ward & Co. v. Duncan, 311 U.S. 243

10

(1940).  A motion for a new trial in a non-jury case or a
petition for a rehearing should be based upon manifest
error of law or mistake of fact, and a judgment should not
be set aside except for substantial reasons.  Hager v. Paul
Revere Life Ins. Co., 489 F. Supp. 317, 321 (E.D. Tenn.
1977).

United States v. Carolina Eastern Chemical Co., 639 F. Supp.

1420, 1423 (D.S.C. 1986); see also Wright, Miller & Kane,

Federal Practice and Procedure: Civil 2d § 2804.

Sherwin-Williams argues that it is entitled to a new trial

in the interest of fundamental fairness.  This is because, it

argues, it "only consented to try its fraud claim against Mr.

Green in a non-jury proceeding in order to expedite this matter

because M&M was in default and unrepresented at the time trial

was scheduled and it appeared that the only remaining liability

issue for resolution was whether Mr. Green committed fraud."

Reply at 5.  If the Court vacates the default against M&M and

allows the counts against M&M to proceed in a jury trial, then

it is only fair, it argues, that Sherwin-Williams be able to try

the entire case, including the claims against Mr. Green, in

front of a jury.  Significantly, Sherwin-Williams does not

contend that it has any new evidence to present that was

unavailable at the time of the bench trial.[4]

---

[4] In a footnote Sherwin-Williams indicates that if granted a new
trial it would also offer testimony from Vince Julio, the owner
and president of Coach Works, to rebut testimony offered by Mr.
Green in the January 9, 2012, trial.  Mot. at n. 1.  Sherwin-
Williams has not suggested that such testimony was unavailable

While the Court appreciates that Sherwin-Williams is
dissatisfied with the outcome of the bench trial, as discussed
supra, it has not argued any grounds to justify the grant of a
new trial.  Sherwin-Williams' agreement to waive the jury trial
was a strategic decision that it made in the interest of
expediting this matter and reaching a resolution after the long
pendency of the case.  The Court heard the same evidence that a
jury would have heard and had the same opportunity to assess the
credibility of the witnesses and exhibits presented before it.
Just because Sherwin-Williams was not happy with the outcome of
the bench trial does not entitle it to a do-over before a jury.
As such, the Court will not grant a new trial.

### 3. Additional Findings of Fact & Conclusions of Law

Pursuant to Federal Rule of Civil Procedure 52(a)(1):

> In an action tried on the facts without a jury . . . the court
> must find the facts specially and state its conclusions of law
> separately.  The findings and conclusions may be stated on the
> record after the close of the evidence. . .

To comply with this rule, the Court "need only make brief,
definite, pertinent findings and conclusions upon the contested
matters, as there is no need for over-elaboration of detail or
particularization of facts."  Wooten v. Lightburn, 579 F. Supp.
2d 769, 772 (W.D. Va. 2008) (citing Notes of Advisory Committee

---

previously and it certainly knew of Mr. Julio's existence and
status as owner of Coach Works long before the trial date.
Sherwin-Williams had the opportunity to subpoena Mr. Julio for
the January 9, 2012, bench trial, but did not do so.

on 1946 Amendments; Torres-Lazarini v. United States, 523 F.3d
69, 74 (1st Cir. 2008); OCI Wyoming, L.P. v. PacifiCorp, 479
F.3d 1199, 1204 (10th Cir. 2007) Wyoming, L.P. v. PacifiCorp,
479 F.3d 1199, 1204 (10th Cir. 2007); Richardson v. Blanton, 597
F.2d 1078, 1085 (6th Cir. 1979))(internal quotations omitted).
Moreover, Rule 52(a) "does not require the court to make
findings on all facts presented or to make detailed evidentiary
findings; if the findings are sufficient to support the ultimate
conclusion of the court they are sufficient." Darter v.
Greenville Comm. Hotel Corp., 301 F.2d 70, 75 (4th Cir. 1962)
(quoting Carr v. Yokohama Specie Bank, Ltd., 200 F.2d 251, 255
(9th Cir. 1952)).

Sherwin-Williams requests that the Court issue a memorandum
specifically stating the Court's findings of fact and
conclusions of law that support its January 9, 2012, judgment.
It suggests that the findings made on the record at the
conclusion of the evidence were insufficient to comply with Rule
52(a)(1) and indicates a number of findings and conclusions that
the Court failed to state on the record, including Mr. Green's
"undeniably false representation" that he was president and
owner of Coach Works, the extent of Mr. Green's legal duty to
reveal M&M's asset purchase of Coach Works, and the
reasonableness of Sherwin-Williams' reliance on Mr. Green's
misrepresentations. See Reply at 5-6.

13

A review of the trial transcript reveals that, after the close of evidence, the Court stated on the record the facts on which it relied to make its decision and the conclusions of law that followed from those facts.  <u>See</u> Tr. 60:24- 61:24.  Though the Court believes that its ruling satisfied the requirements of Rule 52(a)(1), it will summarize and slightly augment its ruling to hopefully provide the clarification sought by Sherwin-Williams.

The Court found that when Mr. Green entered into the supply agreement with Sherwin-Williams on behalf of Coach Works, he did so because he believed that Coach Works was the appropriate entity to be placed on the contract.  Tr. 61:7-8.  Even though Mr. Green was not the owner or president of Coach Works and he knew that he was not the owner or president of Coach Works, he used the Coach Works name innocently.  Though this may seem to be a contradiction, it is clear from the evidence that the entity that was the actual subject of the supply agreement was Vince's Body Shop, which existed under Coach Works and then under M&M, and which was operated by Mr. Green throughout the time period at issue in this lawsuit.  <u>See</u> Tr. 31:7- 32:1; 61:9-14.  The use of the Coach Works name on the contract, therefore, to Mr. Green was merely semantics; it was the name on the tax returns and "profit and loss statements" reviewed by Sherwin-Williams, so it is the name he placed on the agreement.

14

To establish fraudulent inducement, Sherwin-Williams had the burden to prove, by clear and convincing evidence, (1) a false representation concerning a fact or, in the face of a duty to disclose, concealment of a fact, material to the transaction; (2) knowledge of the falsity of the representation or utter disregard for its truthfulness; (3) intent to induce reliance on the representation; (4) justifiable reliance upon the representation under circumstances manifesting a right to rely; and (5) injury proximately cause by the reliance.  See Lepera v. Fuson, 613 N.E.2d 1060, 1063 (Ohio Ct. App. 1992); see also ECF No. 103 at 18-19; Tr. 61:1, 61:3-5.  The failure to prove even a single element would be fatal to its case.  Based on the above findings of fact, the Court concluded that the fraud claim failed as a matter of law because Sherwin-Williams could not prove that Mr. Green made the false representation regarding Coach Works with the requisite knowledge or intent to induce reliance on such representation (elements 2 and 3).  Tr. 61:20-24.

As pointed out by Sherwin-Williams, the Court did not make findings related to every piece of evidence presented at trial. This perceived deficiency, however, is inconsequential.  Because Mr. Green lacked the requisite intent to commit fraud, it is of no consequence whether Sherwin-Williams adequately proved any of the other elements; the outcome would be the same.  Therefore,

15

as the findings made by this Court on the record are sufficient to support its ultimate judgment, the Court has satisfied the requirements of Rule 52(a)(1) and need not issue a separate memorandum.

### C. CONCLUSION

Accordingly, for the above-stated reasons, it is this 19th day of June, 2012, by the United States District Court for the District of Maryland, ORDERED:

1. That Defendant M&M Collision Experts, Inc.'s Motion to Vacate Order of Default, ECF No. 134, is hereby GRANTED;

2. That Plaintiff The Sherwin-Williams Company's Motion for Amended or Additional Findings and/or For a New Trial and/or to Alter or Amend Judgment, ECF No. 137, is hereby DENIED; and

3. That the Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.

                              /s/
                    William M. Nickerson
                    Senior United States District Judge