```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND


THE SHERWIN-WILLIAMS      *
COMPANY                   *
                          *
v.                        *   Civil Action No. WMN-07-2918
                          *
MICHAEL E. GREEN          *
                          *
                          *
                          *
   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

## MEMORANDUM AND ORDER

Before the Court is Judgment Debtor Michael E. Green's "Motion to Quash Writ of Garnishment," ECF No. 286, and Judgment Creditor The Sherwin-Williams Company's replies, ECF Nos. 293-94, to the answers to writs of garnishment filed by Garnishees The Lord's Collision Center (Lord's Collision) and M&M Collision Experts, Inc. (M&M Collision). ECF Nos. 289-90. The Court will grant Mr. Green's motion. Further, the Court will treat the replies as answerable complaints establishing Sherwin-Williams as plaintiff and Lord's Collision and M&M Collision as defendants in two separate proceedings tied to the original case against Michael Green.

First, the Court will grant Mr. Green's motion to quash the garnishment of the Penn Mutual life insurance policy because it is held for the benefit of Mr. Green's wife, Mary W. Green. Md. Code Ann., Ins. § 16-11 protects "the proceeds of a policy of

life insurance . . . on the life of an individual made for the benefit of . . . the spouse" from "all claims of the creditors of the individual."  A declaration from a Penn Mutual insurance broker establishes that Mr. Green's wife Mary Green is the beneficiary of the Universal Life Insurance Policy held by Mr. Green and sought for garnishment by Sherwin-Williams.  Sherwin-Williams is indisputably the creditor of Mr. Green, the named individual of the policy.  Thus, the policy falls plainly within the protection of Section 16-11 and will be exempt from garnishment.

Sherwin-Williams argues that, because Mr. Green did not formally move to "release exempt property" under Maryland Rule 2-643(d) and instead moved for this court to "quash" the writ, the motion should be denied for its improper form.  It is a time worn truism, however, that "the Court should not exalt form over substance."  Venable v. Pritzker, Civ. No. 13-GLR-1867, 2014 WL 2452705, at *4 (D. Md. May 30, 2014).  As Mr. Green has clearly demonstrated that the insurance policy is protected from garnishment under Maryland law, the Court will overlook his failure to officially invoke Maryland Rule 2-643(d).  The Court also does not see the benefit of granting Sherwin-Williams discovery into the insurance policy, as there is no indication that discovery would produce information contrary to the legally sworn statement of the Penn Mutual representative.

Second, the Court will grant Sherwin-Williams' request that the Court allow original actions to go forward against Lord's Collision and M&M Collision under Maryland Rule 2-645(g).[1]  Rule 69 of the Federal Rules of Civil Procedure requires that the procedure of the execution of judgment "accord[s] with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  Maryland Rule 2-645(g) states that a judgment creditor may contest the answer of a garnishee, and that "[i]f a timely reply is filed to the answer of the garnishee, the matter shall proceed as if it were an original action between the judgment creditor as plaintiff and the garnishee as defendant . . . ."  Sherwin-Williams has filed such timely replies contesting the answers of Lord's Collision and M&M Collision.  Rule 2-645(g) makes "special provision for the few cases where the controversy between the judgment creditor and garnishee requires the full panoply of a litigation action" and thus provides the full protections to Garnishees, including "election of jury trial, discovery, and all other procedural safeguards."  <u>Mayor and City Council of Baltimore v. Utica Mut. Ins. Co.</u>, 802 A.2d 1070, 1082 (Md.

---

[1] The Court notes that, in its motions, Sherwin-Williams erroneously cited to Maryland Rule 2-645(e) as requiring "that upon the filing of a reply contesting a garnishee's answer, dismissal be delayed and the matter proceed as an original action between judgment creditor and garnishee."  ECF No. 293 ¶ 3 and 294 ¶ 3.  The correct rule is 2-645(g).

3

2002). Sherwin-Williams' replies are "pleading[s] and [they] bring[] the case[s] to resolution by a trial or otherwise." <u>Maryland Rules of Commentary</u>, Paul V. Neimeyer and Linda M. Schuett, 729 (4th ed. 2015). Thus, the replies filed by Sherwin-Williams will constitute two separate complaints existing "as [] mini proceeding[s] within the context of the overall action." <u>Id.</u> at 730.

As such, Sherwin-Williams' replies will be considered the complaints in the underlying action between the judgment debtor and the garnishees, with the date of this Memorandum and Order considered the date of filing. While independent cases need not be docketed, the Court will ensure that Lord's Collision and M&M Collision receive procedural safeguards by requiring Sherwin-Williams to effect service as outlined in Rule 4 of the Federal Rules of Civil Procedure. In addition, Lord's Collision and M&M Collision will be required to file responsive pleadings in conformity with all rules pertaining to federal actions. Upon receipt of answers or resolution of motions to dismiss, the Court will give further direction regarding discovery deadlines and dispositive motions.

Accordingly, it is this 3rd day of September, 2015, by the United States District Court for the District of Maryland, ORDERED:

(1) That Judgment Debtor Michael E. Green's Motion to Quash, ECF No. 286, shall be GRANTED;

(2) The Court shall accept The Sherwin-Williams Company's "Judgment Creditor's Reply Contesting Answer of Garnishee," ECF Nos. 293-94, as complaints initiating a sub-action against garnishees The Lord's Collision Center and M&M Collision Experts, Inc.;

(3) The Clerk of Court shall issue summons for The Lord's Collision Center and M&M Collision Experts, Inc.; and

(4) The Clerk of Court shall transmit a copy of this Memorandum and Order to all counsel of record.

```
               _____/s/_____
               William M. Nickerson
               Senior United States District Judge
```